REDLANDS SECURITY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5703.    Promulgated December 30, 1926.

Rates of depreciation to be used or to be considered in determining gain resulting from sale of orange orchards determined.

*Halsey W. Allen, Esq.,* for the petitioner.
*D. D. Shepard, Esq.,* for the respondent.

The Commissioner has found a deficiency in income and profits tax for the year 1920 in the amount of $308.57. The controversy arises from the Commissioner's computation of profits realized by the petitioner in the sale of certain lands with orange groves thereon. The questions at issue are (1) the correct method of computing gain or loss on the sale of depreciable property acquired before March 1, 1913, and sold subsequently thereto, and (2) the reasonableness

of the rate of annual depreciation on orange groves used by the Commissioner in computing the petitioner's tax liability.

### FINDINGS OF FACT.

The petitioner is a California corporation, with its principal office at Redlands. In 1910, at a cost of $75,000, it acquired an orange grove, consisting of 60 acres fully planted with trees, which at that time were three years old. The maturity of these trees was retarded two years by a freeze that occurred in January, 1913. The parties agree that the value of such orange grove at March 1, 1913, was $48,000, which the Board finds was its value at January 1, 1914.

In the year 1915 the petitioner acquired 400 acres of land at a cost of $70,000. Included in this land was an orange grove of 10 acres, which was three years old at that date. The grove had a value at date of acquisition of $800 per acre.

In the year 1920 the petitioner sold both tracts, the first for $72,000, and the second for $70,000. In its income and profits-tax return for 1920 the petitioner reported no gain from these transactions. Upon the audit of such return, the Commissioner computed accrued depreciation on the 60-acre grove from March 1, 1913, to the date of sale in the amount of $9,840, which he added to the sale price for the purpose of computing the gain on the transaction, and thereby determined a profit from the sale of such grove in the amount of $6,840. In the same audit he determined that the value of the 10-acre grove was $8,000 at the date of its acquisition in 1915, and computed accrued depreciation thereon to the date of sale in the amount of $1,080, which he added to the sale price of the entire tract of 400 acres, and thereby determined a profit from the second transaction in the amount of $1,080.

The parties agree that the average producing life of this orange grove is 30 years. The average time between planting and production is 6 years.

### OPINION.

LANSDON: The parties agree that this orange grove is a depreciable asset. It follows, therefore, that the owner of such a grove is entitled to deduct annually from gross income a reasonable allowance on account of depreciation, which must also be included as a factor in computing the gain or loss resulting from the sale of such property. The Commissioner properly considered accrued depreciation of the petitioner's orange groves at the date of sale as an element in computing gain or loss resulting from such sale. *Appeals of Even Realty Co.*, 1 B. T. A. 355; *J. J. Gray, Jr.*, 2 B. T. A. 672; *Walter Frank*, 2 B. T. A. 905.

In the instant proceeding the Commissioner holds that the useful life of an orange grove is 30 years, and computes depreciation on the grove of 60 acres acquired by the petitioner in 1910 and sold in 1920 by applying an annual depreciation rate of 3⅓ per cent to the value of such property at March 1, 1913, which was $48,000, and, in the same manner, determines accrued depreciation at date of sale of the 10-acre grove acquired in 1915 and sold in 1920. Obviously, these computations are based on the theory that each of the groves had reached the point where it was producing income at the basic dates. The petitioner agrees that the useful life of an orange grove is 30 years, but contends that such useful life begins at the date when the grove becomes an income-producing property. The parties appear to agree that after planting there is a period of some years during which there is no depreciation. The Commissioner contends that this period is not more than 3 or 4 years from the date of planting the trees in the grove. The petitioner introduced evidence that convinces us that this development period is not less than 6 years.

The grove of 60 acres acquired in 1910 was seven years old at March 1, 1913, but the evidence discloses that its maturity had been delayed for at least two years by a heavy frost or freeze that occurred in January of 1913. We are of the opinion that this grove was not a depreciable asset prior to the crop year of 1915, and that computation of gain or loss resulting from the sale thereof at February 1, 1920, should include depreciation from that year. The grove of three-year old trees acquired in 1915, which, we have found, had a value at that date of $8,000, could not have become a depreciable asset prior to 1918. The rate of exhaustion on both orchards was 3⅓ per cent per annum.

*Judgment will be entered on 20 days' notice, under Rule 50.*