Ana María Sugar Co., Inc., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, Etc., demandado.

Núm. 15.—*Sometido:* Noviembre 17, 1944. *Resuelto:* Diciembre 5, 1944.

*J. Alemañy Sosa,* abogado de la peticionaria; *Hon. Procurador General Interino Jesús A. González,* y *A. D. Marchand Paz* y *M. Velázquez Flores, Procuradores Generales Auxiliares,* abogados del interventor, Tesorero de Puerto Rico, demandado en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

En 25 de septiembre de 1936 la peticionaria radicó su planilla de contribuciones sobre ingresos correspondiente al año 1935–36. El 27 de noviembre de 1941 el Tesorero notificó a la contribuyente una deficiencia en relación con la referida planilla. La peticionaria radicó una querella ante el Tribunal de Contribuciones, alegando que es de aplicación a este caso el período prescriptivo de cinco años para la tasación de tales deficiencias que se encuentra en la Ley original de Contribuciones sobre Ingresos de 1925 (pág. 401). Expedimos el auto de *certiorari* para revisar la decisión del Tribunal de Contribuciones al efecto de que la enmienda de 1941, extendiendo a siete años dicho. período prescriptivo, era aplicable a este caso, y que el Tesorero actuó por tanto correctamente al tasar la deficiencia.

Esta disposición específica de la Ley de Contribuciones sobre Ingresos permaneció sin enmendar hasta 1941, cuando la Ley núm. 31 fué aprobada el 12 de abril de 1941 ((1) pág. 479). La sección 60(*a*) (1) originalmente decía como sigue:

"El importe de las contribuciones sobre ingresos y beneficios excesivos y el importe de la contribución sobre ingresos impuestos por esta Ley, *o por la ley de contribución sobre ingresos número 59 de 1917, la ley de contribuciones sobre ingresos número 80 de 1919, la ley de contribuciones sobre ingresos número 43 de 1921, o por cualquiera de dichas leyes* según han sido enmendadas, se tasarán dentro de cinco años después de radicarse la declaración, y no podrá entablarse un procedimiento judicial para el cobro de dichas contribuciones después de vencido dicho período." (Bastardillas nuestras.)

Las enmiendas de 1941 consistieron en eliminar la materia que aparece en bastardillas, y en modificar el período prescriptivo de cinco a siete años.

■ La contención de la peticionaria es que la Legislatura no tuvo la intención· de cambiar mediante la enmienda de 1941 el período prescriptivo de cinco años para las planillas radicadas con anterioridad a la aprobación de la enmienda

que extendía a siete años dicho período. Nada se desprende del lenguaje de esta enmienda que sostenga esta contención. El estatuto claramente dice que a partir de su aprobación, el Tesorero tendrá derecho a tasar una deficiencia sobre cualquier planilla radicada dentro de no más de siete años con anterioridad a la fecha de la aprobación de la enmienda. Por tanto resolvemos que la Legislatura contempló que este artículo fuera aplicable a planillas radicadas con anterioridad a la fecha de la enmienda.

De conformidad con lo antes expuesto, es aparente que la sección 29 de la Ley núm. 31, que dispone que dicha ley "tendrá efecto a contar del día 1ro. de enero de 1940", no es de aplicación a los hechos de este caso.

Dejamos sin resolver la cuestión de si la Legislatura podía mediante esta enmienda revivir válidamente una causa de acción que ya había prescrito bajo el estatuto anterior de cinco años. Dejamos pendiente dicha cuestión toda vez que no está envuelta en este caso. Aquí la planilla se radicó el 25 de septiembre de 1936. El derecho del Tesorero de conformidad con el estatuto anterior de cinco años en su consecuencia todavía no había prescrito en junio 1941, cuando el estatuto enmendado entró en vigor.

*La decisión del Tribunal de Contribuciones será confirmada.*