LEANDRO LÓPEZ DE LA ROSA y JOSEFINA VALDÉS DE LÓPEZ DE LA ROSA, peticionarios, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado.

Núm. 78.—*Sometido:* Mayo 6, 1946. *Resuelto:* Junio 21, 1946.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* aboga-
dos de los peticionarios; *Hon. Procurador General E. Campos Del
Toro* y *Elmer Toro Lucchetti,* abogado éste del Departamento de
Justicia, abogados ambos del Interventor, Tesorero de Puerto Rico,
querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tri-
bunal.

Los peticionarios en este caso dedujeron de sus ingresos
brutos, en sus planillas correspondientes al año contributivo
1937, la parte proporcional de la pérdida sufrida por cada
uno de ellos con motivo de la demolición de un edificio rui-
noso de su propiedad, siendo el valor total de dicha pérdida
la suma de $11,550.71. Dicha deducción fué hecha a virtud
de una carta que con fecha 18 de noviembre de 1937 recibiera
el Dr. L. López de la Rosa del Tesorero de Puerto Rico que
dice así:

"San Juan, P. R., Nov. 18, 1937.—Dr. L. López de la Rosa, Clí-
nica Miramar, Ave. Olimpo No. 1, Parada 10, Miramar, Santurce,
Puerto Rico.—Atención: Sr. E. A. Sumersille, C.P.A.—Señor:—Se
hace referencia a sus cartas de fecha 10 y 17 del actual, relacionadas
con la destrucción de su propiedad 'Palmas No. 2, Miramar.'

"En contestación se le informa que habiendo sido destruída dicha
propiedad debido a las condiciones peligrosas en que se encontraba,
y no con el fin de construir un nuevo edificio, este Departamento ha
llegado a la conclusión de que en virtud de lo estatuído en la Sec-

ción 16, de la vigente Ley de Contribución sobre Ingresos, y el Artículo 118, del Reglamento No. 1, promulgado bajo sus disposiciones, usted sufrió una pérdida para el año 1937, en la destrucción de la mencionada propiedad, que se determina así:

"Costo de la propiedad_____ $16,000.00

(*Valor tasado (según recibo 5244)*)

Solar de 540m/c._____ $1,620.00

Casa_____ 13,500.00

$15,120.00

"*Costo de la casa:*

Determinado aplicando la proporción que existe entre el valor tasado de la casa ($13,500.00), y el total tasado de la casa y solar( $15,120.00), al costo total de la propiedad ($16,000.00)_____ $14,285.71

*Menos:* Valor tasado de los escombros_____ 2,735.00

"Pérdida Deducible_____ $11,550.71

"El valor tasado de $2,735.00 ha sido determinado por un tasador de este Departamento que visitó en el día de ayer el sitio donde radica la propiedad en cuestión.

"Se ha creído conveniente hacerle saber que la pérdida de $11,550.71 ha sido determinada por esta oficina tomando como base los datos suministrados por usted en su carta de fecha 10 de los corrientes, los que, desde luego, quedan sujetos a comprobación por este Departamento en cualquier momento a los fines de determinar su corrección.

"Atentamente,

(f) "F. A. Ramírez Vega,
"Sub-Tesorero."

El 5 de octubre de 1944 el Tesorero de Puerto Rico le notificó a los peticionarios una deficiencia en sus contribuciones sobre ingresos para el año 1937, siendo una de sus partidas—y la única objeto de este recurso—aquella de $11,550.71, antes mencionada. El motivo expuesto por el Tesorero para rechazar dicha deducción es que "la demolición fué hecha con miras de construir otro edificio."

Querelláronse los peticionarios ante el Tribunal de Contribuciones alegando que la casa había sido destruída en el año 1937 por estar en condiciones ruinosas y que la pérdida sufrida había sido oportunamente investigada y reconocida su deducibilidad por funcionarios del Departamento de Hacienda. El Tesorero, en su contestación, alegó que dicha casa fué comprada con la intención de destruirla y de construir en su lugar otro edificio y negó que la deducción fuera reconocida anteriormente por funcionarios de su departamento.

En la vista celebrada ante el Tribunal de Contribuciones los querellantes presentaron como prueba la carta anteriormente copiada la cual fué admitida sin oposición del querellado. El Tesorero no presentó prueba alguna.

El tribunal inferior dictó resoluciones desestimando las querellas y para revisar su actuación expedimos a petición de los contribuyentes el presente auto de *certiorari*.

█ Basó su resolución el Tribunal de Contribuciones en el hecho de que los peticionarios no habían presentado prueba fehaciente e indubitada para destruir la presunción existente en favor de la corrección de la determinación de deficiencia hecha por el Tesorero. Analizando el alcance de la carta antes mencionada se expresó en la siguiente forma:

"Si bien es cierto que en la carta en cuestión, la que dicho sea de paso fué admitida por este Tribunal sin objeción alguna del querellado, se informa al querellante López de la Rosa 'que habiendo sido destruída dicha propiedad debido a las condiciones peligrosas en que se encontraba, y no con el fin de construir un nuevo edificio, este Departamento ha llegado a la conclusión de que . . . usted sufrió una pérdida para el año 1937, en la destrucción de la mencionada propiedad', no hay duda alguna de que en el párrafo final de la misma se aclara 'que la pérdida de $11,550.71 ha sido determinada" por el Tesorero—'*tomando como base los datos suministrados por usted en su carta de fecha 10 de los corrientes, los que, desde luego, quedan sujetos a comprobación por este Departamento en cualquier momento a los fines de determinar su corrección.*' Es incuestionable que la aceptación contenida en el párrafo segundo de la referida carta es

una pura y enteramente condicional, siendo la condición la de que los datos suministrados por el querellante fueran comprobados por el Departamento de Hacienda en cualquier momento. *El hecho de haber el Tesorero denegado más tarde la deducción de la referida partida demuestra claramente que él no pudo comprobar que las alegaciones contenidas en la carta de los recurrentes fechada el 10 de noviembre. de 1937 fueran ciertas* y que por el contrario llegó a la conclusión de *que la realidad era otra.''*

Es un hecho admitido por las partes que los peticionarios, aun al presente, no han construído ninguna edificación en el solar en que existía la casa que fué demolida. En ningún momento ha cuestionado el Tesorero este hecho. Lo admitió en la carta del 18 de noviembre de 1937, supra, y la alegación contenida en su contestación al efecto de que "la casa fué comprada por la querellante con la intención de destruirla y de construir en su lugar otro edificio," sin prueba de su parte que la sostenga, mal puede ser sostenida a base de la presunción que aplicó el tribunal recurrido para resolver el caso.

■■ Arguye el Tesorero que, de acuerdo con nuestra decisión en el caso de *Mayagüez Sugar Co.* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 753, y otra jurisprudencia que cita en su alegato, hemos resuelto que no intervendremos con la apreciación de la prueba hecha por el tribunal inferior y que si en el caso de autos éste resolvió que por sus términos la carta de noviembre 18 de 1937, sólo constituía una aceptación condicional por el Tesorero del hecho en controversia, no debemos sustituir nuestro criterio por el del Tribunal en cuanto a la conclusión a que llegó al apreciar dicha prueba. Lo que dijimos en el caso de *Mayagüez Sugar Co.,* supra, citando, entre otros, de *Wilmington Co.* v. *Helvering,* 316 U. S. 164 (refiriéndose al Federal Board of Tax Appeals) fué que: "Es de la competencia de la Junta, no de la Corte de Circuito de Apelaciones, pesar la evidencia, *derivar inferencias de los hechos, y elegir entre inferencias contradictorias.* La corte no puede sustituir su punto de vista so-

bre los hechos por el de la Junta. *Cuando las conclusiones (findings) de la Junta están sostenidas por evidencia sustancial, ellas son concluyentes. . . .*'' (Bastardillas nuestras.)

¿Es aplicable esta regla a los hechos del caso de autos? ¿Está sostenida la conclusión a que llegó el Tribunal de Contribuciones al interpretar el alcance de la carta de noviembre 18, 1937? Veamos.

La única prueba que tuvo ante sí el Tribunal inferior fué la carta misma presentada por los peticionarios. ¿Constituye el párrafo final de dicha carta una aceptación condicional del hecho primordial en controversia, a saber, que la casa de los peticionarios había sido destruída por sus condiciones ruinosas y no con el fin de construir un nuevo edificio? Somos de opinión que la inferencia que hizo el Tribunal no está sostenida por los términos de la carta. En su segundo párrafo el Subtesorero hizo constar que ''habiendo sido destruída dicha propiedad debido a las condiciones peligrosas en que se encontraba, y no con el fin de construir un nuevo edificio, este Departamento ha llegado a la conclusión de que en virtud de lo estatuído en (citas) . . . usted sufrió una pérdida para el año 1937, en la destrucción de la mencionada propiedad, que se determina así (Se detalla con un total de $11,550.71).'' Hace constar luego que el valor tasado de los escombros de $2,735 fué ''determinado por un tasador de este Departamento que visitó en el día de ayer el sitio donde radica la propiedad en cuestión.'' Hasta aquí la carta constituye una aceptación incondicional de los hechos que en ella se expresan.

Ahora bien, en el párrafo final de la carta se hizo constar que ''Se ha creído conveniente hacerle saber que la pérdida de $11,550.71 ha sido determinada por esta oficina tomando como base los datos suministrados por usted en su carta de fecha 10 de los corrientes, los que, desde luego, quedan sujetos a comprobación por este Departamento en cualquier momento a los fines de determinar su corrección.''

Este párrafo no condiciona la aceptación hecha anteriormente al efecto de que, 1º, la casa fué destruída debido a sus condiciones ruinosas y no con el fin de construir un nuevo edificio y, 2º, que los peticionarios sufrieron una pérdida para el año 1937 por la destrucción de la mencionada propiedad. Lo único que se dejó a futura comprobación por el Tesorero fué el montante de la pérdida de $11,550.71 alegada por los peticionarios y aún en cuanto a ésta ya el Tesorero en su carta reconoció que uno de sus tasadores había determinado el valor de los escombros en $2,735. Si se tratase de un caso en que el Tesorero hubiera notificado a los peticionarios una deficiencia debido a que había comprobado que la pérdida sufrida por los peticionarios no era de $11,550.71 sino de, digamos, $5,000, sí podría decirse con acierto que el Tesorero había ejercitado la condición reservada en el último párrafo de su carta y habría base en la prueba para sostener la conclusión a que llegó el tribunal inferior.

De acuerdo con la doctrina que citamos en el caso de *Mayagüez Sugar Co.*, supra, no estamos autorizados a derivar una inferencia contraria a aquella a que llegó el tribunal inferior, siempre que haya alguna prueba en el récord que la sostenga. Empero, la inferencia que del contenido de la carta derivó dicho Tribunal no está sostenida por prueba alguna y como consecuencia su conclusión tampoco lo está. Esto constituye un error de derecho.

Si a la carta presentada como prueba por los peticionarios, unimos el hecho incontrovertido de que los peticionarios no han construído ningún nuevo edificio, a pesar de que han transcurrido cerca de nueve años desde que se destruyó la casa en estado ruinoso, forzoso es concluir que los peticionarios presentaron prueba suficiente para destruir la presunción en que descansó el Tesorero y que correspondía a éste presentar prueba para sostener su actuación posterior.

██ Arguye el Tesorero que·la carta de noviembre 18 de 1937 no es una resolución administrativa ni una notificación de contribuciones o de deficiencias y que, por tanto, podía ser variada por él al notificar, como lo hizo, una deficiencia en el año 1944. Esto es correcto. La carta no es una notificación de deficiencias ni le imponía contribución alguna a los peticionarios. Empero, ellos pagaron su contribución correspondiente al año 1937 en cuanto a la partida en discusión, de acuerdo con dicha ·carta. Siete años después el Tesorero les notifica una deficiencia en cuanto ·a la partida relacionada en la carta y al ser llevado el asunto ante el Tribunal de Contribuciones el Tesorero descansó en la presunción de corrección que tiene su actuación. Para contrarrestar o destruir dicha presunción los peticionarios presentaron como prueba la carta. La única cuestión que resolvemos es que esta prueba de los peticionarios, que constituye una admisión por el Tesorero, unida al hecho incontrovertido de no haberse hasta la fecha construído edificio alguno en el solar por los peticionarios, controvirtió la presunción y que correspondía al Tesorero presentar prueba en apoyo de su actuación, ya que la inferencia que dedujo el tribunal inferior para llegar a la conclusión a que llegó, no está justificada por la única prueba que tuvo ante su consideración.

*Erró el Tribunal de Contribuciones al desestimar las querellas y en su consecuencia se anulan las resoluciones recurridas y se devuelven los casos para que dicte otras consistentes con esta opinión.*