Rodríguez & Palacios, peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Tesorero de Puerto Rico, interventor.

Núm. 168.—*Sometido:* Abril 15, 1948. *Resuelto:* Abril 27, 1948.

*E. T. Fiddler*, *Tomás I. Nido, José G. González y Mariano Canales*, abogados de la peticionaria; *Hon. Procurador General Luis Negrón Fernández* y *Elmer Toro Lucchetti*, abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Expedimos el auto de *certiorari* en este caso para revisar la decisión del Tribunal de Contribuciones sosteniendo ciertas notificaciones de deficiencias por contribuciones sobre ingresos para los años 1936, 1937 y 1939 enviadas por el Tesorero a Rodríguez y Palacios, sociedad mercantil que se dedica al negocio de provisiones al por mayor.

Arguye la contribuyente primeramente que el derecho del Tesorero a notificarle una deficiencia para el año 1936 había prescrito. La planilla para 1935-36 fué radicada el 12 de mayo de 1936. La notificación de deficiencia fué hecha el 30 de diciembre de 1941. En consecuencia, la contribuyente sostiene que el 12 de mayo de 1941—cinco años después de radicarse la planilla—el Tesorero perdió su derecho a tasar esta deficiencia, a tenor con las disposiciones de la sección 60 (*a*) de la Ley de Contribuciones sobre Ingresos, según ésta leía el 12 de mayo de 1941, que contenía un término precriptivo de cinco años para las deficiencias.

Sin embargo, el 12 de abril de 1941, la sección 24 de la Ley núm. 31, Leyes de Puerto Rico, 1941 ((1) pág. 479), enmendó la sección 60 (*a*) (1) al efecto de que el término prescriptivo para las deficiencias sería de siete en vez de cinco años. Por tanto, este caso levanta la cuestión que dejamos pendiente en *Ana María Sugar Co.* v. *Tribunal de Contribuciones*, 64

D.P.R. 258, 260: "si la Legislatura podía mediante esta enmienda revivir válidamente una causa de acción que ya había prescrito bajo el estatuto anterior de cinco años."

Aparentemente la contribuyente no alega que la Legislatura no tuvo por miras que la enmienda cubriera el presente caso. Más bien sostiene que la sección 24 de la Ley núm. 31 es inválida al aplicarse a este caso. Si bien la contribuyente no lo dice específicamente, es de presumirse que su teoría es que al expirar el término prescriptivo de cinco años, tenía un derecho adquirido del cual se le privó sin el debido procedimiento de ley al aumentar la enmienda dicho término en dos años más.

Esta misma cuestión ha sido resuelta en contra de la contención de la contribuyente. "La base de la decisión es que la prescripción elimina únicamente el remedio pero no el derecho, y que nadie puede protestar si una Ley permite que se ejercite un remedio prescrito." 10 Mertens, *Law of Federal Income Taxation,* sección 57.95, pág. 270, y casos citados. Un término prescriptivo contra el cobro de contribuciones es una cuestión de privilegio, que la Legislatura está en libertad de modificar. Aun después de prescrito el remedio, éste puede ser restablecido con el fin de que el Tesorero ejerza el derecho. Y la ley "aunque retroactiva, no es inconstitucional, ya que la peticionaria no tenía derecho adquirido alguno para que no se tasara una deficiencia en su contra." *United Thacker Coal Co.* v. *Comm'r.,* 46 F. 2d 231, 233 (C.C.A. 1, 1931); *Simmons Mfg. Co.* v. *Routzahn,* 62 F. 2d 947, 949 (C.C.A. 6, 1933). *Cf.* Anotación, 133 A.L.R. 384.

■■ El segundo punto de la peticionaria es que el Tribunal de Contribuciones cometió error al sostener la actuación del Tesorero (*a*) al rechazar el ingreso informado por la contribuyente por el fundamento de que sus libros no reflejan su verdadero ingreso y (*b*) al estimar su ingreso bruto en un 6 por ciento de las ventas, para 1936, 1939 y 5.7 por ciento para 1937, de conformidad con la sección 14 (*b*) de

la Ley de Contribuciones sobre Ingresos. Esta actuación del Tesorero trajo como resultado las deficiencias que ahora consideramos.

No vemos fin práctico en sintetizar la evidencia. Basta decir que hubo alguna en el récord que justifica la conclusión de hecho del Tribunal de Contribuciones al efecto de que los libros y records de la contribuyente no eran lo suficientemente completos para que el Tesorero pudiese determinar si ellos reflejaban fielmente el ingreso neto de la contribuyente. Toda vez que en el récord hay alguna evidencia sobre esta cuestión, no podemos intervenir con la conclusión de hecho del Tribunal de Contribuciones sobre este punto. *Buscaglia v. Tribunal de Contribuciones, Pérez Vahamonde, Interventora,* ante, pág. 340; *Mayagüez Sugar Co.* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 753, 762–3; *cf. Dobson* v. *Commissioner,* 320 U.S. 489.

Bajo estas circunstancias, el Tesorero estuvo justificado en afirmar que el ingreso bruto de la contribuyente para estos años era aquel por ciento de las ventas que, según la investigación practicada, negocios similares al de la contribuyente habían obtenido en estos años. Véase *J. B. López, Sucrs.* v. *Tribunal de Contribuciones,* 65 D.P.R. 192, 201–2. El Tesorero ofreció testimonio del por ciento de ingreso obtenido por negocios similares para estos años. El Tribunal de Contribuciones dió crédito a esta evidencia. Como ya indicamos, no estamos en libertad de rechazar las conclusiones de hecho del Tribunal de Contribuciones basadas en evidencia. Reconocemos que puede surgir una que otra injusticia si se determina el ingreso tributable mediante este método de por ciento. Pero la contribuyente tiene la culpa de la difícil situación en que se encuentra por no haber llevado libros de contabilidad que reflejasen con toda claridad su verdadero ingreso.

*La decisión del Tribunal de Contribuciones será confirmada.*