RAQUEL FAJARDO DE Ross, peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, ETC., demandado.

Núm. 130.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Mayo 17, 1948.

*Amador Ramírez Silva,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández y Carlos Santana Becerra, Procurador General Auxiliar,* abogados del interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La peticionaria, no estando conforme con la tasación de sus fincas que le fué notificada por el Tesorero de Puerto Rico, pagó la parte de la contribución con la que estaba conforme y dentro de los treinta días siguientes radicó su querella ante el Tribunal de Contribuciones. La contribución en controversia era la correspondiente al año 1944-45. Algunos meses más tarde al serle notificada la tasación para 1945-46 ascendente a las mismas sumas a que ascendió la correspondiente al año 1944-45, la peticionaria pagó parte de la contribución y radicó ante el mismo tribunal una querella suplementaria con el fin de que ambos casos pudiesen ser resueltos conjuntamente. La querella suplementaria fué declarada sin lugar, por entender el tribunal que la cuestión envuelta debió ser planteada en una querella independiente y separada, en la cual se cancelaran los sellos de rentas internas y del Colegio de Abogados. La querella original fué declarada sin lugar. La peticionaria instó el presente recurso.

Señala la querellante dos errores que a su juicio fueron cometidos por el tribunal inferior. Consideraremos primero aquél que imputa errónea apreciación de la evidencia.

La finca principal, igual a las otras fincas pequeñas, había estado pagando contribuciones por una valoración de $42,570 y la nueva tasación, de la que se queja la peticionaria fué elevada a $91,000. La prueba aportada puede resumirse así. La ofrecida por la querellante fué al efecto de que con excepción de una finca de cuatro cuerdas, todas forman una sola radicando en el Barrio Piñales, de Añasco, con

una superficie de 300 cuerdas; que dichas fincas contienen una ciénaga en una extensión de diez y media cuerdas y sus callejones suman nueve y media cuerdas; que no tienen sistema de regadío y una parte es de terreno llano bastante bajo y semipantanoso, éste en una extensión de 95 cuerdas; que las cañas que se cultivan en ellas se muelen en distintas centrales y se sacan en carros de ruedas de goma y tractores para la Central Igualdad y en vagones de ferrocarril para las otras centrales; que el sitio de la ciénaga es tan pantanoso que no se puede sacar el agua porque habría que gastar mucho dinero en drenaje; que parte de la finca está destinada a pasto; que se han tenido pérdidas en las cosechas por inundación; que el promedio de producción en los últimos cuatro años fué de 22 toneladas por cuerda; que las fincas tienen como alrededor de cuarenta cuerdas de drenaje pobre cuyo valor es $200 la cuerda, 52.81 cuerdas de drenaje imperfecto que es un poco mejor que el drenaje pobre, valorado a $250 la cuerda, y el resto de la finca en una extensión de 206.69 cuerdas valorado a $125 la cuerda debido a la presencia de perdigones; que las diez y media cuerdas de ciénaga no tienen valor alguno, y que el total de la valorización correcta asciende a $45,038.75.

La prueba ofrecida por el Tesorero, consistente en la declaración del tasador, fué al efecto de que la finca radica en el valle de Añasco, colindando una parte con la carretera Núm. 2; que los terrenos son llanos en casi su totalidad, a excepción de unos pantanos quebrados; que está sembrada de caña; que las 300 cuerdas se componen de 150 cuerdas llanas con caña con un valor de $400 la cuerda, 20 cuerdas de callejones a $400 la cuerda, 50 cuerdas de llanos con caña valorados en $200 la cuerda, 39 cuerdas de llanos dedicados a pastos a $200 la cuerda, 17 cuerdas de terreno quebrado de arado a $150 la cuerda, una parte poyadosa de 24 cuerdas valorada en $100 la cuerda y una casa valorada en $250; que el total de la valoración asciende a la suma de $91,000; que

la finca está como a cuatro kilómetros de la Central Igualdad, con todas las facilidades de vías de comunicación, con carreteras por dos lados, y se puede caminar toda ella en automóvil; que la parte poyadosa es dulce en sucrosa y produce malojillo con un valor casi igual que la caña para la ganadería; y que se considera esta finca con un valor en el mercado entre $125,000 y $200,000, siendo la valoración de $90,000 dada a la finca más que razonable.

El Tribunal de Contribuciones dió entero crédito a la prueba aportada por el Tesorero y concluyó que la tasación era razonable. Existe un conflicto de prueba, y como surge del resumen que de ella hemos hecho, aquélla creída por el tribunal inferior es suficiente para sostener sus conclusiones. Hemos resuelto que no intervendremos con la apreciación que de la evidencia haga el Tribunal de Contribuciones a menos que se nos demuestre que no hubo evidencia, cometiendo así un error de derecho. *Rodríguez & Palacios* v. *Tribunal de Contribuciones*, ante, pág. 685; *Mayagüez Sugar Co.* v. *Tribunal de Apelación*, 60 D.P.R. 753; *López de la Rosa* v. *Tribunal de Contribuciones*, 66 D.P.R. 334.

■■ En el segundo y último señalamiento se alega que la resolución desestimando la querella suplementaria es errónea porque no hay nada en la Ley que impida la radicación de una querella suplementaria motivada por hechos ocurridos con posterioridad a la radicación de la querella original y que el propósito de la querellante al radicar la querella suplementaria fué el de evitar multiplicidad de procedimientos los cuales eran innecesarios por tratarse de la misma cuestión en ambas querellas. Alega la peticionaria que la radicación de la querella suplementaria es procedente, de acuerdo con la Regla 15(*d*) de las Reglas de Enjuiciamiento Civil, las cuales son aplicables a los procedimientos ante el Tribunal de Contribuciones por disponerlo así la sección 4 de la Ley núm. 169 de 15 de mayo de 1943 (pág. 601), creadora de dicho tribunal.

Los fundamentos expuestos en la querella suplementaria eran iguales a aquéllos que aparecían en la querella original, con excepción de que los de la querella suplementaria cubrían un año contributivo (1945–46), distinto a aquél de la original (1944–45).

La Regla 15(d), supra, dispone que:

"*Alegaciones Suplementarias.*—A moción de una parte, mediante razonable notificación y en los términos que estime justos, podrá la corte permitirle notificar alegaciones suplementarias exponiendo transacciones, eventos o hechos ocurridos con posterioridad a la fecha de la alegación que se proponga suplementar. Si la corte estimare conveniente que la parte adversa presentare alegaciones en contrario, así lo ordenará, especificando el plazo para ello."

Como claramente surge de la Regla arriba transcrita, en las alegaciones o querellas suplementarias se exponen transacciones o hechos conectados con la alegación que se proponga suplementar, pero en dicha querella no se puede suscitar una cuestión distinta a aquélla que se hizo originalmente. En otras palabras, la cuestión en relación con la impugnación a la valoración de las propiedades para el año 1945–46 que en el caso de autos trató de hacerse mediante una querella suplementaria, no es procedente porque no está motivada por hechos ocurridos con posterioridad a la radicación de la querella original como lo dispone la regla ya mencionada, y debió haber sido planteada en una querella independiente y separada. A este respecto se dice en el caso de *Bowles* v. *Senderowitz*, 65 F. Supp. 548, 9 Fed. Rules Serv. 15d 12, Case 1, que:

"Aun cuando la Regla 15(d) de las Reglas Federales de Enjuiciamiento Civil, 28 U.S.C.A. siguiendo la sección 723 c, permite a una parte alegar transacciones o sucesos ocurridos con posterioridad a la radicación de la demanda, la alegación suplementaria es simplemente una continuación de la demanda que justifica otro remedio o un remedio adicional."

Y en *Savannah Theatre Co.* v. *Lucas and Jenkins*, 8 Fed. Rules Serv. 34.12, Case 2, se resolvió que:

"Debidamente interpretada, y según se hizo constar en la vista, esta demanda suplementaria trata de alegar una continuación de la conspiración más allá de la fecha de radicación de la petición, daños incidentales a tal continuación, y solicita un injunction para impedir su continuación en el futuro. Esto no es legalmente permisible y va más allá del verdadero propósito de una demanda suplementaria. En cuanto a la alegada continuación de la conspiración, aparece que mientras los daños causados desde la iniciación de la acción pueden ser concedidos, los mismos deben haber sido sufridos como consecuencia de actos realizados antes de la iniciación del pleito y constituir una parte de la causa de acción alegada. Por lo tanto, la cuestión sobre la continuación de la conspiración y los daños resultantes de tales actos realizados como parte de esa conspiración con posterioridad a la radicación de la demanda no pueden ser recobrados en esta acción."

Cuando se trata, por ejemplo, de dos o más notificaciones de deficiencias, hechas al mismo tiempo, o de tasaciones para dos o más años, notificadas simultáneamente, el contribuyente puede recurrir contra todas ellas mediante una sola querella. Cuando la notificación se le hace después de radicada una querella, el contribuyente debe formular una nueva querella.

Como las cuestiones aquí envueltas eran diferentes porque se originaron en dos años contributivos distintos, y la segunda tasación se hizo cuando ya se había radicado la querella contra la primera, procedía desestimar, como lo hizo el tribunal inferior, la querella suplementaria.

*La decisión del Tribunal de Contribuciones será confirmada.*