RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; JUAN ÁNGEL GIUSTI, interventor.

Núm. 208.—*Sometido:* Enero 9, 1950. *Resuelto:* Enero 30, 1950.

Hon. Procurador General Vicente Géigel Polanco (*Luis Negrón Fernández, Ex Procurador General,* en la petición y memorándum acompañado) y *Manuel J. Medina Aymat, Procurador General Auxiliar,* abogados del peticionario; *Córdova & González* y *Alberto Picó,* abogados del interventor, querellante en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Solamente envuelve este recurso la determinación de si el interventor Juan Ángel Giusti tiene derecho a deducir de sus ingresos parte del monto de las reparaciones y gastos de automóvil incurridos por él durante el año 1945.[1]

En 12 de marzo de 1946 Giusti radicó en el Departamento de Hacienda de Puerto Rico su planilla de contribuciones sobre ingresos por el indicado año. En ella reclamó como deducción la suma de $188.99 por el concepto indicado. El Tesorero de Puerto Rico consideró que dicha suma no era deducible y en su oportunidad notificó una deficiencia al contribuyente. Seguidos los trámites administrativos de rigor, el aquí interventor acudió ante el Tribunal de Contribuciones, y éste luego de considerar la prueba aducídale llegó a la conclusión de que tales gastos eran deducibles, aunque no en la suma específica reclamada, sino únicamente en la cantidad de $60. De la resolución así dictada el Tesorero ha acudido ante nos por *certiorari*.

Preceptúa la Ley de Contribuciones sobre Ingresos (Núm. 74 de 6 de agosto de 1925, pág. 401) en su sección 16(*a*)(1) que al computar el ingreso neto de un individuo se admitirán como deducciones "todos los gastos ordinarios y necesarios pagados o incurridos (por él) durante el año contributivo en la explotación de cualquier industria o negocio. . .; gastos de viaje . . . mientras esté ausente de la residencia en asuntos relacionados con la industria o negocio; . . ."[2]

[1] Juan Ángel Giusti tan sólo reclamó como deducción en su planilla la tercera parte del importe total de las reparaciones y gastos de automóvil, ya que admitía que habiendo utilizado su automóvil tanto para las corporaciones de las cuales era presidente como para su uso personal, dos terceras partes de dicho monto no eran deducibles.

[2] Véase también el artículo 102, inciso (*a*) del Reglamento núm. 1 para la Implementación de la Ley de Contribuciones sobre Ingresos de 1925 que provee: "(*a*) Así pues, si un individuo, cuyo negocio le exige que viaje, recibe un sueldo como compensación total de sus servicios, sin reembolsársele los gastos de viaje, tales gastos de viaje . . . son deducibles de su ingreso bruto." (Traducción nuestra.)

Durante el año contributivo en disputa el peticionario era presidente de las corporaciones Pedro Giusti, Inc. y Sucesión de Pedro Giusti, Inc., y recibía de éstas por sus servicios $6,000 y $1,000 anuales, respectivamente. La primera de esas corporaciones explota un bazar de novedades en esta ciudad y la segunda es dueña y administradora de dos edificios en San Juan, de seis casas (casi todas de madera) y cincuenta solares en el Barrio Sunoco, de Santurce, y de una finca en Hato Rey. El contribuyente no lleva libros de contabilidad y, según la prueba, dichas corporaciones jamás le compensaron por las reparaciones de su automóvil como tampoco por la gasolina, etc. usados en éste, no obstante el hecho de que en su carácter mencionado tenía con frecuencia que trasladarse en su vehículo personal y en gestiones de las corporaciones que representaba a los muelles y bancos de la ciudad, así como a los sitios donde estaban enclavadas las propiedades ya referidas, con el propósito de atender quejas de los inquilinos que las vivían y de investigar las reparaciones que era necesario hacer a las casas.

La cuestión que está ahora ante nuestra consideración ha surgido con frecuencia en otras jurisdicciones. En ellas se ha resuelto que el presidente u otro oficial de una corporación se dedica a la "explotación de un negocio" mientras está en el desempeño de sus deberes oficiales y que si para beneficio de las entidades que preside o para las cuales trabaja tiene que valerse de un vehículo de su propiedad, los gastos en que incurra por tal concepto son deducibles. *Wagner* v. *Lucas*. 38 F.2d 391; *Gibson Products Co.* v. *Commissioner*, 8 T.C. 654; *Ralph C. Holmes* v. *Commissioner*, 37 B.T.A. 865; Prentice–Hall, *Federal Tax Service*, Vol. 1, 1950, párrafo 11,296, pág. 11,148; Mertens, *Law of Federal Income Taxation*, Vol 4, párrafos 25.04, 25.14, 25.85 y 25.87. Estamos de acuerdo con el criterio así enunciado. Desde luego, cuando como ocurre en este caso, el automóvil se utiliza no sólo para beneficio de las corporaciones a que presta sus servicios el contribuyente, si que también en beneficio propio, es necesario hacer una

distribución de la parte de los gastos que deben corresponder al negocio del contribuyente y de la que deben imputarse a los asuntos personales de éste. Mertens, obra y tomo citados, párrafos 25.86.

■■Establecida la anterior premisa, veamos si el Tribunal de Contribuciones actuó acertadamente al fijar en $60 el monto de los gastos que por concepto de reparaciones, etc. a su automóvil tenía derecho a deducir el contribuyente en relación con los servicios por él prestados a las dos corporaciones que presidía.

Es principio generalmente conocido en derecho que toda determinación contributiva hecha por el Tesorero se presume correcta y que es al contribuyente a quien incumbe destruir tal presunción con prueba robusta y convincente. *Buscaglia, Tesorero* v. *Tribunal de Contribuciones,* 69 D.P.R. 878, 884, y casos citados. Aunque el Tribunal de Contribuciones calificó de floja la aducida por el querellante en este caso, llegó a la conclusión de que debía autorizarse por el concepto indicado la deducción de la mencionada suma.

Desde luego, en casos como el presente se hace realmente difícil determinar la parte de los gastos atribuíbles al contribuyente mismo y la correspondiente a la entidad a que presta servicios. Conforme indicó la Corte del Segundo Circuito de Apelaciones en el caso de *Cohan* v. *Commissioner,* 39 F.2d 540, 543, "de ordinario es imposible lograr absoluta certeza en cuestiones de esta naturaleza, mas ello no es necesario; la Junta debe hacer una determinación tan aproximada como sea posible." El Tribunal de Contribuciones determinó, según ya hemos dicho, que dada la prueba que tenía ante sí debía permitir al contribuyente deducir, no la suma total por él reclamada, sino tan sólo $60. No puede decirse que al así hacerlo actuó erróneamente. *Harry N. Copp,* T.C. Memo. Op. Dkt. 7377 (1947); *Julius I. Peyser, et al.,* T.C. Memo Op., Dkts. 108711-2 (1943).

Con la apreciación de los hechos que haga el Tribunal de Contribuciones no intervendremos, a no ser que haya carencia

de prueba en los autos para justificar la misma. *Rodríguez & Palacios v. Tribl. Contribuciones,* 68 D.P.R. 685; *Fajardo v. Tribl. Contribuciones,* 68 D.P.R. 746, 749. La lectura que hemos hecho del expediente nos convence de que existe suficiente prueba en el mismo para justificar la conclusión a que llegó dicho tribunal.

*Debe confirmarse la resolución recurrida.*

El Juez Asociado Sr. Negrón Fernández no intervino.