CECILIO MÉNDEZ, demandante y apelante, *v.* DIEGO G. GONZÁLEZ y MARCELINO ALDARONDO, demandados y apelados.

No. 5937.—*Sometido:* Abril 5, 1934. *Resuelto:* Junio 30, 1934.

*R. Padró Parés,* abogado del apelante; *García Méndez & García Méndez,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Diego G. González inició un pleito contra Marcelino Aldarondo en la Corte de Distrito de Aguadilla y para asegurar la efectividad de la sentencia embargó ciertos bienes inmuebles. Entonces Cecilio Méndez presentó una tercería reclamando la propiedad como suya. Diego G. González contestó la demanda de tercería. El procedimiento de tercería fué a juicio y la Corte de Distrito de Aguadilla resolvió el caso contra el tercerista. La teoría de la opinión fué que las enajenaciones bajo las cuales Cecilio Méndez el tercerista alegaba tener título fueron hechas en fraude de acreedores de conformidad con el artículo 1264 (1249 Ed. 1930) del Có-

digo Civil toda vez que no había habido causa para el tras-paso hecho por Aldarondo en favor de Méndez.

Durante el juicio el demandante presentó las escrituras de enajenación otorgadas por Aldarondo a Méndez y dejó de ofrecer más prueba. El demandado entonces ofreció abundante prueba tendente a demostrar que no pasó causa alguna de Méndez a Aldarondo.

Uno de los señalamientos fué que la corte cometió error al negarse a eliminar las siguientes preguntas hechas a Diego G. González mientras ocupaba la silla testifical: "P. ¿De quién han seguido siendo esas fincas ante el con-cepto público después de hecho el traspaso? ¿De quién han continuado siendo ante el concepto público esas fincas des-pués de hecho el traspaso?"

No se presentaron objeciones específicas a estas pre-guntas. Ellas fueron generales. La regla de derecho es que a toda persona debe dársele la oportunidad de corregirse. *Burton* v. *Driggs,* 20 Wall 125; *Falero et al.* v. *Falero,* 15 D.P.R. 118; 3 C. J. 746. Ahora bien, existen excepciones a a la regla cuando el vicio de la pregunta es aparente.

Tenemos la idea de que el apelante está en lo cierto al sostener que el concepto público nada tiene que ver con la cuestión de fraude o título. De ordinario estamos obligados a resolver que la objeción a las preguntas era obvia. No es imposible que pudiera hallarse alguna teoría conforme a la cual las preguntas estarían justificadas debido a la reputa-ción en la comunidad, mas de momento no sabemos de ninguna. Por otra parte el examen del testigo practicado más tarde demostró que éste se refería a hechos que le constaban y no que él se fundaba solamente en el concepto público. Sea ello como fuere, la prueba en el caso relativa a la falta de causa era tan fuerte que el error, de haberse cometido, no fué perjudicial.

Otro señalamiento de error fué que el demandado en tercería no tenía derecho a ofrecer prueba tendente a de-mostrar admisiones hechas por Aldarondo. El apelante sos-

tiene que las admisiones de Aldarondo no eran admisiones de Méndez. Hasta que se nos convenza plenamente de lo contrario sostendremos el firme criterio de que cuando se otorga una escritura de compraventa las admisiones del comprador o del vendedor relativas a la causa (*consideration*) de la escritura son admisibles como prueba.

■ Otro señalamiento se refiere a la actuación de la corte al negarse a permitir ciertas manifestaciones por no ser propiamente materia de refutación. Creemos que la corte no cometió error alguno y, de haberlo, no fué perjudicial, toda vez que el caso no pudo haber variado mucho con la prueba excluída.

■ Creemos que la siguiente prueba era suficiente para sostener la sentencia: El demandado Diego G. González ofreció testimonio tendente a demostrar que después de la enajenación Cecilio Méndez procedió a otorgar una hipoteca o algo más para pagar una deuda que Aldarondo tenía con otro acreedor. Diego G. González ocupó la silla de los testigos y ofreció prueba tendente a demostrar que Aldarondo continuó en posesión de parte de la finca objeto de la escritura. El demandante ofreció prueba de refutación. Ésta tendió a demostrar que dichos acreedores tenían conocimiento de que González actuaba como una especie de agente de Aldarondo. Esto, en adición a las admisiones de Aldarondo mismo, a que nos hemos referido. Igualmente es muy significativo en el caso el hecho de que aunque Cecilio Méndez se hallaba presente durante el juicio no ocupara la silla testifical y Aldarondo nunca fué llamado como testigo. Esta es la supresión de prueba a que el inciso 5 del artículo 102 de la Ley de Evidencia se refiere.

Creemos que la corte no fué movida por pasión o prejuicio. Esto resuelve los supuestos errores a que se hace referencia como que son contrarios a la sentencia.

Otros errores se refieren a la interpretación que la corte dió a cierta jurisprudencia anterior de este tribunal, mas bajo los hechos de este caso tal como han sido expuestos por

nosotros, se presentó suficientemente un caso de enajenación fraudulenta.

■ El demandante trata de presentar ante esta corte una excepción previa a la contestación de Diego G. González. El apelado muy propiamente sostiene que ésta no es una cuestión privilegiada como una excepción a la demanda. El artículo 109 del Código de Enjuiciamiento Civil no es aplicable a un caso de esta índole. Nos inclinamos a convenir con el apelado en que la contestación suficientemente imputaba el fraude. Igualmente, considerando los hechos presentados durante el juicio, de ser necesario, la contestación podría considerarse como enmendada.

■ No hemos dado mayor consideración a algunos de los errores señalados debido a la forma poco adecuada en que fué presentado el alegato del apelante. El apelado nos llama la atención en forma elaborada a que el apelante dejó de cumplir con el reglamento de esta corte y en gran parte tiene razón. Deseamos particularmente llamar la atención una vez más hacia el hecho de que una relación del caso es de suma importancia para esta corte y que un apelante no cumple con el reglamento exponiendo la evidencia ofrecida testigo tras testigo.

*La sentencia apelada debe ser confirmada.*