Rafael Buscaglia, Tesorero de Puerto Rico, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Mantecados Galiñanes, Inc., interventora.

Núm. 215.—*Sometido:* Noviembre 8, 1949. *Resuelto:* Febrero 24, 1950.

926

*Hon. Procurador General Vicente Géigel Polanco y J. C. Santana Matos, Procurador General Auxiliar,* abogados del peticionario; *César A. Montilla,* abogado de la interventora, querellante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Con fecha 27 de abril de 1948 la corporación Mantecados Galiñanes, Inc., interventora en este recurso de *certiorari,* recibió una "Notificación de Imposición de Contribución sobre la Propiedad" correspondiente al año fiscal 1947–1948. En ella se consignaba la contribución impuesta sobre los bienes muebles de la contribuyente, entre los cuales figuraban unas fórmulas secretas para la confección de mantecados, que el Tesorero valoró en $30,000. La contribuyente pagó aquella parte del montante de la contribución sobre sus bienes muebles con que estuvo conforme, pero no la correspondiente a las fórmulas secretas, fundándose en que tales fórmulas jamás habían existido y, por consiguiente, no estaban sujetas a tributo. Recurrió la contribuyente ante el Tribunal de Contribuciones de Puerto Rico, dictándose la oportuna resolución, declarando con lugar su querella. Para revisar esa resolución interpuso el Tesorero el presente recurso.

La prueba del contribuyente consistió de la declaración de César Calderón, de la cual resulta que por escritura de 15 de mayo de 1945, el testigo compró a Julio C. Galiñanes su negocio de fábrica de mantecado por la suma de $210,000 y que teniendo los bienes muebles del negocio un valor de $150,000, la diferencia entre esas dos sumas, o sea $60,000, se distribuyó entre dos partidas, una titulada "Procesos y fórmulas secretas—$30,000", y otra denominada "Good will —$30,000"; que posteriormente el testigo incorporó su negocio bajo el nombre de Mantecados Galiñanes, Inc., y traspasó a la corporación todo lo que había adquirido por la escritura antes mencionada, asentándose en los libros de ésta como parte de su activo, la partida "Procesos y fórmulas secretas" con un valor de $30,000; que esa fórmula secreta se refiere a la confección de mantecado, pero que en realidad, tal fórmula nunca ha existido, pues para preparar el mantecado siempre ha importado de los Estados Unidos la materia prima que consiste de crema deshidratada, la cual contiene impresas en el paquete las proporciones o fórmulas para su elaboración.

El Tesorero descansa en el asiento que aparece en los libros de la corporación, en la presunción de correcta que conllevan sus decisiones y en una estipulación en la que se consigna lo dicho en la escritura con respecto a las fórmulas secretas que antes se ha expresado en esta opinión.

A base de esta evidencia el Tribunal de Contribuciones declaró probado que las referidas fórmulas secretas nunca han existido y que si bien en los libros aparece ese asiento, como cuestión de hecho, no existe propiedad de esa naturaleza sobre la cual pueda imponerse contribución.

Parece claro que en el presente caso se trata de una controversia de hecho contra cuya decisión no cabe recurso para ante este Tribunal, a menos que la decisión del tribunal inferior esté huérfana de prueba que la sostenga.

El peticionario trata de evitar esa conclusión alegando que el tribunal a quo no debió haber admitido el testimonio de Calderón para contradecir lo consignado en la escritura y

lo que aparece en los libros de la corporación, invocando la regla de evidencia que no permite la admisión de prueba oral para contradecir un documento. Cita, además de esa regla, el artículo 41 del Código de Comercio, dispositivo, entre otras cosas, de que "los libros de los comerciantes probarán contra ellos, sin admitirles prueba en contrario".

En lo que respecta a la inadmisibilidad de evidencia oral para contradecir un documento, pierde de vista el peticionario que la declaración de Calderón fué dirigida a demostrar que una parte de la supuesta causa del contrato celebrado entre él y Galiñanes nunca existió y que para ese propósito la evidencia oral es admisible. *López* v. *Alvarez,* 64 D.P.R. 404 y *Ochoteco, Jr.* v. *Córdova,* 47 D.P.R. 554. Y en lo que al artículo 41 del Código de Comercio concierne, bastará decir que, conforme ha sido interpretado en España el artículo 48 del Código de Comercio Español correspondiente al 41 del nuestro, dicho artículo sólo establece normas para graduar la prueba de los respectivos libros de los comerciantes, cuando litigan unos contra otros; pero no obsta esto para que pueda apreciárseles juntamente con otros documentos y decidir en virtud de ellos, aunque uno de los litigantes no sea comerciante. Sentencias del Tribunal Supremo de España de 18 de enero de 1896 (79 J.C. 91) y 5 de junio de 1900 (90 J.C. 34). De esto se infiere que el Tribunal, a pesar de la letra del artículo, no viene obligado a decidir por lo que resulte de los libros, sin tener en cuenta cualquier otra evidencia.

La prueba que tuvo ante sí el Tribunal de Contribuciones sostiene su conclusión al efecto de que las llamadas fórmulas secretas sólo existieron en la referida escritura y en los libros de la contribuyente, y destruyó la presunción de correcta que conllevan las decisiones del Tesorero. *Procede, en consecuencia, la confirmación de la decisión recurrida.*

El Juez Asociado Sr. Negrón Fernández se inhibió.