MANUEL SOTO RIVERA, demandante y apelante, *v.* EL SECRETARIO DE HACIENDA, demandado y apelado.

Número 11209.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 19 de abril de 1955.

*Faría, Fornaris & Ruiz,* abogados del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Arnaldo P. Cabrera, Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Tesorero de Puerto Rico, hoy Secretario de Hacienda, notificó al doctor Manuel Soto Rivera una deficiencia en la contribución sobre ingresos para el año natural de 1945, por la suma de $7,047.65 incluyendo intereses y penalidades. No estando conforme el contribuyente recurrió ante el anterior Tribunal de Contribuciones, hoy Tribunal Superior. Después de celebrarse una vista en los méritos, dicho tribunal confirmó la referida deficiencia. No conforme el demandante apeló y en su alegato señala el siguiente error:

"El tribunal inferior cometió grave error de hecho y de derecho al sostener la determinación del demandado-apelado dentro de los hechos y la ley aplicables a este caso."

El doctor Soto había declarado en la planilla correspondiente al año 1945, un ingreso de $3,600 en concepto de honorarios profesionales cobrados en su oficina privada. El Tesorero determinó que el contribuyente había tenido en dicho año, por asistencia a sus pacientes privados, el siguiente in-

greso: por visitas y consultas en su oficina privada, $2,260 y por asistencia de pacientes en el Auxilio Mutuo, $8,510, o sea, un total de $10,770. La deficiencia notificada al doctor Soto surge de la diferencia entre esta última cantidad y la declarada por él en su planilla en concepto de honorarios profesionales cobrados a sus pacientes. Resulta pues, que como el contribuyente declaró un ingreso mayor que el que le imputa el Tesorero por visitas y consultas en su oficina privada, la controversia queda limitada a la partida de $8,510 por asistencia dispensada a pacientes en el Auxilio Mutuo.

■■■ En el juicio celebrado en la corte a quo, el querellante presentó como única prueba testifical, el testimonio del contador Luis García Benítez(1) y el suyo propio.(2) Declaró el doctor Soto, en síntesis, que desde hace mucho tiempo viene desempeñando el cargo de radiólogo en el Auxilio Mutuo por un sueldo anual; que aunque además de ser radiólogo es cirujano y tocólogo, no tiene aún un nombre reconocido en estas especialidades; que abrió una oficina en San Juan donde atendía algunos casos particulares; en el 1945 el doctor Roldán, quien era el Director y cirujano del Auxilio Mutuo tenía que realizar un viaje a España y designó al testigo Director y cirujano interino de dicha institución hasta que él regresara; que desempeñó esos cargos durante unos once meses, sin recibir compensación adicional alguna, "por tres razones: primera, porque el honor de ser director del Auxilio Mutuo me ponía más a la luz frente a los oficiales de la institución y del público de Puerto Rico; segunda, porque el doctor Roldán es

---

(1) García Benítez se limitó a declarar que desde 1942 ayudaba al doctor Soto a preparar sus planillas de contribución sobre ingresos; que el doctor le dictaba de unas tarjetas correspondientes a sus pacientes privados, la cantidad que había cobrado a cada uno y el testigo los iba sumando en una máquina y así obtenían el ingreso de la oficina; que generalmente a esta suma total agregaban otra adicional en previsión de que al doctor se le hubiera olvidado algún caso.

(2) En el litigio estaban envueltas otras deficiencias correspondientes a los años 1943, 1944, 1946 y 1947, pero como este recurso se limita a la del año 1945, haremos referencia a aquella parte de los testimonios que se contraen a ese año.

un cirujano eminente, reconocido en Puerto Rico, y al dejárseme a mí a cargo de su puesto, podía yo aparecer ante los ojos del público como que tenía cierta competencia, llevando así cierta confianza en el público . . . . ."; que nada cobraba a los pacientes que atendía del doctor Roldán porque éstos eran socios del Auxilio Mutuo; que en el año 1945 apenas le sobraba tiempo para atender su oficina privada en San Juan; que a aquellos socios del Auxilio Mutuo, en cuyas tarjetas de socio aparece que fueron atendidos por él durante el año 1945, no les cobró honorarios.

Hemos dicho antes que el Tesorero imputó al doctor Soto un ingreso de $8,510 en concepto de honorarios cobrados a pacientes asistidos por él en el Auxilio Mutuo. Es presunción en derecho que toda determinación contributiva hecha por el Tesorero de Puerto Rico, hoy Secretario de Hacienda, se presume correcta. *Tes.* v. *Tribl. Contribuciones y Sucrs. Abarca*, 69 D.P.R. 878 y casos citados a la página 884; pero dicha presunción cede ante la prueba en el caso. *Buscaglia, Tes.* v. *Tribl. Contribuciones y Galiñanes, Int.*, 70 D.P.R. 925; e incumbe, desde luego, al contribuyente, ofrecer prueba para destruirla. *Buscaglia, Tes.* v. *Tribunal de Contribuciones y Giusti, Int.*, 70 D.P.R. 846; *González* v. *Tribunal de Contribuciones*, 73 D.P.R. 26.

La prueba presentada por el contribuyente en este caso es suficiente para destruir la presunción de corrección que conlleva la determinación del Tesorero. De acuerdo con esa prueba el doctor Soto no cobró honorarios a los pacientes asistidos por él en el Auxilio Mutuo durante el año 1945. Estos pacientes eran socios de dicha institución. La explicación dada por el contribuyente en cuanto a por qué desempeñó gratuitamente los cargos de Director y cirujano del Auxilio Mutuo durante la ausencia del doctor Roldán no es irrazonable.

El testimonio del doctor Soto era por tanto suficiente para destruir la imputación que le hacía el Tesorero de haber cobrado honorarios a los pacientes particulares atendidos por él en el Auxilio Mutuo pero el querellado-apelado no descansó

en la presunción legal de corrección sino que ofreció prueba para sostener su determinación. De ahí que arguya ahora que "se trata de un caso, exclusivamente de credibilidad de prueba".

■■ En verdad no es así. La prueba testifical presentada por el querellado consistió en el testimonio del inspector Alejandro Corchado, quien en 1948 practicó una investigación sobre los ingresos obtenidos por el doctor Soto en el año 1945. Declaró este testigo que el doctor Soto no le brindó cooperación; que no le ofreció datos ni comprobantes para llevar a efecto la investigación; que para determinar los ingresos tuvo que investigar a los pacientes particulares atendidos por el doctor Soto en el Auxilio Mutuo, guiándose por una lista de pacientes que aparecía en un informe del Presidente de dicha institución y tuvo además que investigar en el Registro de la Propiedad, en los bancos y en las planillas de los pacientes; que como resultado de las visitas que hizo a los pacientes del doctor Soto, "Le fijé precio a las operaciones que él hizo".

Este testimonio contiene una descripción del procedimiento seguido por el inspector Corchado en su investigación, pero nada más. No sostiene, ni remotamente la determinación contributiva aquí en disputa. Admitiendo que como resultado de la investigación practicada por Corchado éste llegó a la conclusión de que el doctor Soto había tenido ingresos de sus pacientes particulares por $8,510, tal conclusión no era prueba competente. Dicha conclusión está basada en prueba de referencia que no fué admitida por la corte a quo. Por otra parte, el testimonio de Corchado tendió a demostrar que el querellado tenía información suficiente para producir en corte evidencia competente, tales como los nombres de las pacientes investigadas por él, los récords de los bancos, los asientos en el Registro de la Propiedad, etc. Prefirió sin embargo, no presentarla. Nada en el récord indica que esa evidencia no estaba al alcance del querellado y el dejar de presentarla da lugar a que surja la presunción legal de que le hubiese sido adversa de haberla ofrecido. Art. 464, inciso 5 del Código de

182

Enjuiciamiento Civil (Ed. 1933). *Asamblea Mpal.* v. *Steidel, Alcalde,* 54 D.P.R. 832; *Acosta* v. *Rosado,* 54 D.P.R. 439; *Méndez* v. *González,* 47 D.P.R. 135.

Esto dejaba el caso del Tesorero descansando en la presunción de corrección. Frente a esa presunción está el testimonio incontrovertido del querellante. Siendo ello así, forzoso es concluir que la sentencia confirmando la determinación contributiva del Tesorero es errónea y debe ser revocada.

*Por los motivos expuestos se revoca la sentencia apelada y se devuelve el caso al tribunal de origen para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Marrero no intervino.