José R. Cabán Torres, peticionario, *v.* Gerardo Delgado, ETC., demandado.

Número: HC-65-9     Resuelto: 11 de junio de 1965

*Víctor Tirado Saltares* y *Edna Abruña Rodríguez,* abogados del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados del demandado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

En 24 de mayo de 1961 la Sala de San Juan del Tribunal Superior impuso al peticionario tres sentencias indeterminadas de seis a diez años de presidio por infracción de la Ley de Narcóticos de 1959, venta de heroína. En 5 de febrero de 1965 el peticionario compareció en este Tribunal por su propio derecho y nos alegó el haber cumplido el mínimo de dichas sentencias, y que a pesar de llenar los requisitos necesarios la Junta de Libertad bajo Palabra se había negado a ver su caso. A su modo, atacó la validez del Art. 55 de la Ley de Narcóticos—Ley Núm. 48 de 18 de junio de 1959—por entender que era contrario a las disposiciones de la Ley Núm. 295 de 10 de abril de 1946 que estableció la sentencia indeterminada y en consecuencia impugnó como nulas e ilegales las sentencias dictadas contra él.

Nos percatamos que en verdad el problema de este peticionario era si, cumplido el mínimo de sus sentencias, el Art. 55

de la Ley de Narcóticos impedía que la Junta de Libertad bajo Palabra considerara su caso a tenor de la Ley Núm. 295 de 1946, convicto como fue de venta de droga. Ante la incertidumbre de los motivos de la Junta para no considerar el caso, dimos traslado del asunto a la Sociedad para Asistencia Legal con encargo de que auxiliara al peticionario y para que informara al Tribunal si existían motivos de *hecho* para que la Junta de Libertad bajo Palabra no hubiera considerado el caso o si la negativa se debía a fundamentos de derecho.

Del expediente surge que, efectivamente, la Junta de Libertad bajo Palabra en 9 de abril de 1965 dictaminó que en vista de los hechos constitutivos del delito y de las disposiciones del Art. 55 de la Ley Núm. 48 de 18 de junio de 1959, Ley de Narcóticos, y vista la Opinión del Secretario de Justicia de 8 de junio de 1964, la Junta no tenía jurisdicción sobre el caso del peticionario. La Sociedad para Asistencia Legal asumió la representación del peticionario y radicó una solicitud de hábeas corpus enmendada. Expedimos el auto de hábeas corpus y oimos a las partes en audiencia celebrada el 17 de mayo de 1965.

El problema que presenta el recurso requiere el resolver si el Art. 55 de la Ley de Narcóticos impide que una persona convicta por la venta de drogas disfrute del beneficio de la Ley Núm. 295 de 1946 y pueda salir en libertad *condicional* por acción de la Junta de Libertad bajo Palabra cumplido que haya el mínimo de la sentencia impuesta, de llenar los demás requisitos de ley. Si resolviéramos que sí, *a fortiori* tendríamos que dejar sin efecto las sentencias indeterminadas impuestas al peticionario y ordenar que fuera sentenciado nuevamente imponiéndosele sentencias fijas. En otras palabras, no habría razón en derecho, y carecería también de fin práctico, el imponer en tales casos sentencias indeterminadas entre un mínimo y un máximo si por razón del Art. 55 mencionado los fines y propósitos de tal sentencia indeterminada jamás podrían cumplirse, y de hecho, la sentencia

vendría a ser una fija siempre por el máximo del castigo impuesto o el máximo de ley.

La Ley Núm. 259 de 3 de abril de 1946 estableció la sentencia *probatoria* en el sistema judicial de Puerto Rico y dispuso, en los casos permisibles, que la sentencia debería ser suspendida por el Tribunal y el sentenciado puesto a *prueba*, y una vez puesto a prueba el reo quedaría sujeto a la supervisión de la Junta de Libertad bajo Palabra hasta la expiración del período máximo fijado en la ley o por el Juez para el delito cometido.

Según fue enmendada por la Ley Núm. 177 de 4 de mayo de 1949, la Ley Núm. 259 estableció un sistema de *libertad a prueba* en los tribunales de justicia y se dispuso que las cortes podrían suspender los efectos de la sentencia en los casos permisibles. La persona puesta a prueba quedaría bajo la custodia legal de la Corte y sujeta a la supervisión de la Junta de Libertad *Condicional* hasta la expiración del período máximo de su sentencia, y el período de libertad a prueba sería igual en duración al máximo de la sentencia. Véase texto actual según enmendada por la Ley Núm. 58 de 19 de junio de 1959.

Por la Ley Núm. 295 de 10 de abril de 1946 se estableció la sentencia indeterminada y se dispuso que una vez que el reo hubiere cumplido el término mínimo fijado por el Tribunal, quedaría bajo la jurisdicción de la Junta de Libertad Bajo Palabra, la cual podría ponerlo en *libertad bajo palabra* si se hubieren cumplido determinados requisitos. Según fue enmendada por la Ley Núm. 176 de 4 de mayo de 1949, dispuso la Núm. 295 que una vez que se hubiere cumplido el mínimo fijado en la sentencia la persona quedará bajo la supervisión de la Junta de Libertad Condicional quien podrá concederle su *libertad condicional* en determinadas circunstancias. Véase texto actual según la Ley Núm. 78 de junio 21, 1962.

El Art. 55 de la Ley de Narcóticos, Ley Núm. 48 de 1959, en su parte pertinente estatuye: "Las disposiciones sobre sentencia suspendida *y libertad condicional o a prueba* no serán aplicables a ningún convicto de violar esta ley por actos relativos a la transferencia, venta o despacho de las drogas narcóticas cubiertas por esta ley. Las disposiciones sobre sentencia suspendida y libertad condicional o a prueba serán aplicables a las personas que han sido convictas por actos meramente de posesión o tenencia de dichas drogas narcóticas."

Sostiene la Asistencia Legal que la anterior disposición no impide la aplicación al peticionario de la Ley Núm. 295 de 1946 según ha sido enmendada y el que la Junta de Libertad bajo Palabra tenga facultad en derecho para considerar el caso de un convicto por la venta de drogas una vez éste hubiere cumplido el término mínimo de la sentencia indeterminada impuéstale. El Procurador General comparte ese criterio. Con su alegato ha acompañado además copia de una comunicación del Secretario de Justicia fechada 14 de mayo de 1965, dirigida al Presidente de la Junta de Libertad bajo Palabra sobre la interpretación del Art. 55 en relación con el problema que consideramos. En dicha comunicación el Secretario de Justicia rectifica su anterior dictamen conforme al criterio del Procurador General y le informa a la Junta que tiene jurisdicción para conocer de aquellos casos de convicción por transferencia o venta de drogas a los fines de conceder la libertad *condicional* una vez se haya cumplido el término mínimo de prisión.

Hemos examinado el problema y si nos atenemos al texto mismo del Art. 55 tomado en concordancia con los términos, no siempre uniformes, usados en las Leyes Núms. 295 y 259 de 1946 y sus posteriores enmiendas, no resulta tan claro qué hizo o quiso hacer en realidad el Legislador a este respecto. Posiblemente a esa situación se debió la posición primera adoptada por el Secretario de Justicia.

No vacilamos, sin embargo, en convenir con la representación legal del peticionario, con el Procurador General y con el actual criterio del Secretario de Justicia al efecto de que los beneficios de la Ley Núm. 295 de sentencias indeterminadas no deben negársele a un convicto de venta o transferencia de drogas. Por sobre problemas de hermenéutica, y ante una duda razonada, debemos hacer valer la fuerte y deseada política pública del estatuto general, la Ley Núm. 295. La alternativa sería al precio de que estos convictos estarían sujetos a sentencias fijas, frustrándose así en cuanto a ellos toda la norma pública de reforma del delincuente producto de una profunda convicción legislativa expresada en la Exposición de Motivos que adicionó a la Ley Núm. 295 al enmendarla en 1949, y en otras piezas de ley. Se explica que a un convicto del negocio de drogas no se le deje de inmediato en su campo de operación mediante una sentencia suspendida. Pero cuesta trabajo creer que un convicto del tráfico de drogas no pueda ser susceptible, como cualquier otro ser humano delincuente, de reformarse después del tratamiento institucional. Aun en los casos de asesinato en primer grado, en que la propia Ley Núm. 295 excluyó siempre la sentencia indeterminada, y en que la reclusión perpetua es mandatoria, por disposición de ley hoy día una vez cumplidos 12 años naturales de reclusión el convicto es susceptible de ser devuelto a la sociedad como ser útil si es que en él se operó una reforma.— Ley Núm. 78 de 21 de junio de 1962.

Entendemos que se cumplen mejor los fines de la política pública penal interpretando el Art. 55 de la Ley de Narcóticos, como así lo entienden las partes, en el sentido de que la Junta de Libertad bajo Palabra tiene jurisdicción, como cuestión de derecho, para considerar los casos de convictos por la transferencia y venta de drogas narcóticas una vez éstos hayan cumplido el mínimo de la sentencia impuesta.

En vista de la anterior conclusión, son válidas las sentencias dictadas en tales casos en forma indeterminada y

no fijas. No procede, pues, que declaremos con lugar el recurso de hábeas corpus. Podría considerarse como uno de *mandamus* para que la Junta actuara, pero ella no ha sido parte, ni oída, en este procedimiento.

*Se dictará sentencia de conformidad.*