EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ PAULINO FLORES BERTY, acusado y apelante.

*Número:* CR-64-438        *Resuelto:* 25 de junio de 1965

---

*Santos P. Amadeo* y *Pedro V. Aguirre,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante fue convicto por un jurado de (1) tener en su posesión y dominio la droga narcótica conocida por heroína; (2) vender heroína, y (3) ocultar y transportar heroína. Fue condenado a la pena de 10 a 20 años de presidio en cada caso para ser cumplidos concurrentemente.

Ante nos señala la comisión del siguiente único error:

"El tribunal sentenciador erró al declarar sin lugar los planteamientos legales del acusado, en cuanto a la necesidad para la defensa de éste, de la presencia en el proceso del confidente Gustavo A. Berríos, testigo del Pueblo, y cuya ausencia en el juicio no fue advertido por el ministerio público al comienzo del proceso, y sí después de terminada la presentación de su prueba, perjudicando así los derechos del acusado."

Al dorso de la acusación figuraba como testigo de cargo Gustavo A. Berríos cuya dirección era "Calle Loíza 2107, Santurce". De acuerdo con el testimonio del testigo de cargo José Luis Vizcarrondo, agente de Rentas Internas encubierto, como a las 3:30 de la tarde y en la calle Delicias de la Parada 23, el acusado preguntó a Berríos, quien era un confidente, si buscaba algo, contestándole éste que sí y que entonces Berríos le dijo que le diera una bolsa y el acusado sacó varios *"decks"* del bolsillo y le entregó uno al confidente Berríos; que el testigo (el agente de Rentas Internas) le entregó $3.50 al acusado que según éste dijo era lo que valía el *"deck"*; que inmediatamente el confidente Berríos le entregó el *"deck"* al agente, éste se marchó del sitio y fue a comunicarse con su supervisor, el agente Miguel F. Lucca Sánchez, a quien le entregó la bolsa luego de ponerle sus iniciales y la fecha en que la compró. Este agente también declaró en el juicio al igual que el químico que analizó el contenido del *"deck"* resultando heroína.

El Fiscal renunció al testimonio del confidente Berríos y anunció que lo ponía a disposición del acusado, pero al éste solicitar contrainterrogar a dicho testigo, el fiscal anunció que no presentaba a ese testigo porque no estaba en el Tribunal. El abogado defensor planteó la cuestión de que se violaban los derechos del acusado de no permitírsele contrainterrogar al testigo Berríos y que de no ser esto posible el Tribunal concluyera que el testimonio de ese testigo le sería adverso al Pueblo. El Fiscal explicó que se había equivocado al decir que ponía al testigo Berríos a disposición de la

defensa porque dicho testigo se encontraba fuera de Puerto Rico, en New Haven, Connecticut.

Como defensa el acusado negó desde la silla de los testigos que conociera al confidente Berríos ni al agente de Rentas Internas y con la declaración de otro testigo trató de probar que no se encontraba en el sitio de los hechos y sí en otro lugar.

Invocando el caso de *Roviaro* v. *United States*, 353 U.S. 53, sostiene que la presencia de Berríos era necesaria para que el acusado pudiera contrainterrogarlo, o si el fiscal no lo presentaba, para usarlo como testigo de defensa y que ante la imposibilidad de ello y vista la conducta del fiscal, el juez debió decidir que hubo supresión intencional de prueba surgiendo la presunción de que el testimonio de Berríos le sería adverso al Pueblo.

De los autos ni de la transcripción de la evidencia se desprende que el confidente Berríos hubiera manifestado en alguna ocasión que no conocía al acusado apelante ni que jamás lo hubiera visto, ni existen otras circunstancias, tal como sucedió en el caso de *Roviaro*, indicativas de que el testimonio del confidente era esencial para la defensa de dicho acusado. Véase *Pueblo* v. *López Rivera*, 91 D.P.R. 693 (1965). Tampoco hay indicio alguno de que el testimonio de Berríos hubiera sido beneficioso al apelante. La cuestión pues, se reduce en última instancia a determinar si el testimonio de Berríos fue voluntariamente suprimido por el Fiscal, en cuyo caso, surgiría la presunción de que dicho testimonio, de haberse presentado, hubiera sido adverso al Pueblo, 32 L.P.R.A. sec. 1887, inciso 5; *Pueblo* v. *Ramírez*, 50 D.P.R. 234 (1936); *Pueblo* v. *Campán*, 34 D.P.R. 107 (1925); *Soto* v. *Secretario de Hacienda*, 78 D.P.R. 177 (1955); *Asamblea Municipal* v. *Steidel*, 54 D.P.R. 832 (1939); *Núñez* v. *Rodríguez*, 51 D.P.R. 642 (1937).

■ Es bien conocida la regla de que el Fiscal no viene obligado a presentar en el juicio a todos los testigos que ten-

gan conocimiento de los hechos, o a todos aquéllos cuyos nombres han sido incluidos al dorso de la acusación. *Pueblo v. Román*, 18 D.P.R. 219 (1912) ; *Pueblo v. Dones*, 56 D.P.R. 211 (1940). En muchas ocasiones los fiscales renuncian presentar testigos cuyos testimonios es evidencia de corroboración o acumulativa y cuando tales testigos renunciados están presentes en corte y pueden ser utilizados por la defensa, no surge presunción alguna adversa al caso del Pueblo. Cuando el testigo renunciado no comparece a Corte, y dicho testigo tiene conocimiento esencial de los hechos, su ausencia inexplicada da margen a que surja la presunción en contra del Pueblo y especialmente con mayor razón y fuerza si el Fiscal ha presentado prueba de inferior categoría para establecer su caso.

En el presente caso el fiscal presentó un testigo presencial de los hechos. Evidentemente el testimonio de Berríos hubiera sido de carácter acumulativo o corroborativo. [1] De todos modos, los autos demuestran que el testigo Berríos no estaba disponible para la fecha del juicio porque se encontraba fuera de Puerto Rico. En tales circunstancias, no puede sostenerse que su testimonio fue voluntariamente suprimido y que de haber declarado dicho testigo su testimonio hubiera sido adverso al Pueblo. Véase II Wigmore, *On Evidence*, (3rd Ed.), sec. 286, pág. 166; 31A C.J.S., sec. 156, pág. 403; *United States v. Cimino*, 321 F.2d 509.

*No habiéndose cometido el error señalado por el acusado apelante, se confirmarán las sentencias apeladas.*

---

[1] Figurando el nombre y la dirección del testigo Berríos al dorso de la acusación leídale al acusado en 9 de enero de 1964, y habiendo transcurrido más de tres meses hasta la celebración del juicio, el 14 de abril de 1964, dicho acusado tuvo tiempo suficiente para investigar a Berríos y conocer si su testimonio le sería favorable o adverso. En ningún momento alegó ante el Tribunal que dicho testimonio sería favorable a su defensa, ni ello se desprende del resto de la prueba.