EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL A. DELGADO MONTAÑEZ, acusado y apelante.

*Número:* CR-64-397     *Resuelto:* 21 de octubre de 1965

*Víctor Tirado Saltares,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

¿Puede el convicto del delito de tentativa de escalamiento recibir el beneficio de una sentencia suspendida? Concluimos que sí por los fundamentos que exponemos a continuación.

El apelante Miguel A. Delgado Montañez y Rafael Hernández González fueron acusados y convictos conjuntamente del delito de tentativa de escalamiento en primer grado. Renunciado el jurado, el caso se vio por tribunal de derecho.

### Hechos del Caso

En la noche del 24 de febrero de 1963, la ronda policíaca sorprendió en Humacao al apelante y a Hernández González mientras "empujaban" o "traqueteaban" y "forcejeaban" con la puerta de entrada de un supermercado. Testificó el sargento de la policía al mando de la ronda que los acusados salieron corriendo al ser así sorprendidos y que los otros dos policías de la ronda le dieron alcance en la plaza de recreo de Humacao y los trajeron a la puerta en cuestión la cual se encontró abierta. El testimonio del policía Cabrera se limitó al hecho que el vehículo en que realizaba la ronda esa noche se detuvo frente al supermercado para dejar allí al sargento y enseguida partió en persecución de los acusados. El apelante testificó que esa noche se dirigía desde el "White Castle" donde había un baile a su casa en Patagonia, barriada de Humacao. En el camino entraron al bar Frías a tomar cerveza; que "regresando llegó la policía y estábamos ya en medio de la plaza . . . . Entonces nos detuvieron, nos llamaron, estaban como a 40 pies de distancia"; que nunca antes

había sido acusado de delito alguno; que tenía 22 años; que nunca estuvo cerca del supermercado ni "ha bregado" con una puerta del mismo. Terminada la prueba, el tribunal de instancia declaró a ambos acusados culpables del delito de tentativa de escalamiento en primer grado. La defensa solicitó que "el caso fuese referido al Oficial Probatorio para ver si son merecedores." A preguntas del juez sentenciador contestó Hernández González que había estado en la cárcel "este mismo año después de ocurrir el caso, que fue ahí detrás, un galón de ron (caña) que me cogieron". Se ordenó al Oficial Probatorio que hiciese una investigación para determinar si los convictos cualificaban para sentencia probatoria. Habiendo renunciado Hernández González a que se rindiera el informe de la Oficina Probatoria, fue sentenciado a la pena de seis meses de cárcel con abono de toda preventiva que tenga por este mismo delito. No apeló. El Oficial Probatorio de Adultos informó al tribunal que el apelante "no cualificaba para el privilegio de una sentencia probatoria debido a que a la fecha de cometer el delito era mayor de 21 años"; que esta información se basó en la decisión del propio tribunal dictada en 1 de mayo de 1963 en el caso de *El Pueblo de Puerto Rico* v. *Luis Viera López*, de la misma naturaleza que el caso del apelante. El tribunal condenó al apelante a la pena de uno a dos años de presidio.

### *Errores Señalados*

En apelación, apunta el apelante dos errores:

*Primer Error*: "Cometió error perjudicial el Tribunal sentenciador al resolver que el delito de tentativa de escalamiento en primer grado está excluído de los beneficios de sentencia suspendida".

*Segundo Error*: "La sentencia de uno a dos años de presidio por el delito de tentativa de escalamiento en primer grado resulta excesiva en cuanto al apelante en vista de que el co-acusado Rafael Hernández,—que fue a quien se le ocupó una llave maestra en los

bolsillos y quien tenía récord penal,—el Tribunal le impuso tan sólo seis meses de cárcel".

1.—Los jueces del Tribunal Superior tienen discreción para conceder sentencias suspendidas en todo caso de delito grave, excepto asesinato en primer grado, y en todo caso de delito menos grave que surja de los hechos en el delito mayor no excluido, si el convicto fuere menor de 21 años de edad, a la fecha de la comisión del delito (34 L.P.R.A. sec. 1042). Indudablemente el referido informe del Oficial Probatorio se basó en lo así dispuesto por ley. Es evidente, sin embargo, que no se tomó en consideración que este límite de edad no constituye impedimento a la discreción del tribunal de suspender los efectos de una sentencia bajo el Art. 2 de la Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. sec. 1027) enmendado por la Ley Núm. 61 de 19 de junio de 1965. Esta disposición autoriza a dicho tribunal a suspender los efectos de la sentencia dictada en casos de delitos graves que no fueren asesinato, robo, incesto, extorsión, violación, delito contra natura, hurto, secuestro o *escalamiento*, así como de la dictada en casos de delito menos grave que surjan de los mismos hechos o transacción que hubiere dado lugar a sentencia por delito grave que no fuere de los excluidos. Por lo tanto, el tribunal en este caso pudo solicitar otro informe del Oficial Probatorio, de conformidad con lo dispuesto en el referido Art. 2. Como se trata de una ley dirigida a beneficiar al convicto y la tentativa de escalamiento no está incluida específicamente en la enumeración de los casos de los delitos en que por mandato de ley le es vedado al tribunal conceder la gracia o clemencia de la suspensión de la sentencia, concluimos que en este caso el tribunal a quo tiene discreción para concederla. *Pueblo* v. *López Rivera,* 89 D.P.R. 791 (1964); cf. *Pueblo* v. *Tribunal Superior,* sentencia de 16 de septiembre de 1965; *Schaefer* v. *Superior Court,* 248 P.2d 450 (Cal. 1952) y *Meléndez* v. *Tribunal Superior,* 90 D.P.R. 656 (1964); cf. *Cabán Torres* v. *Jefe Penitenciaría,* 92 D.P.R.

522 (1965); Quarles, *Some Principles of Statutory Construction Problems and Approaches in Criminal Law,* 3 Vand. L. Rev. 531 (1950). Cuando se ha querido excluir de la gracia de sentencia suspendida un caso de *tentativa,* así se ha dispuesto expresamente en la ley. Código Penal de California, sec. 1203.

2.—Considerando todas las circunstancias concurrentes nos parece excesiva la pena impuesta al apelante.

*En vista de lo expuesto, y en uso de nuestra discreción, se modifica la pena impuesta al apelante reduciéndola a un término de seis meses a dos años de presidio. Se devuelve el caso al Tribunal Superior, Sala de Humacao, para que considere la posibilidad de extender al apelante la gracia o clemencia de una sentencia suspendida, si procediere. Pueblo v. Juan Pachot Murray,* Sentencia de 16 de septiembre de 1965; *Pueblo v. Santana,* opinión Per Curiam de 1ro. de junio de 1964; *Pueblo v. Sánchez González,* 90 D.P.R. 197 (1964).

El Juez Asociado Señor Hernández Matos no intervino.