EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JORGE TORRES GARCÍA, acusado y apelante.

*Número:* CR-65-205      *Resuelto:* 9 de febrero de 1966

---

*Román Santos Isaac,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado de poseer, vender, ocultar y transportar la droga narcótica conocida como heroína. Un agente especial del Negociado de Bebidas del Departamento de Hacienda declaró que en compañía de un confidente de nombre Gustavo A. Berríos visitó el 8 de julio de 1963 un sector de Hato Rey conocido por el Relincho. En una de las calles de esa barriada encontraron al acusado en compañía de Ernesto Ramos González. El agente había frecuentado ese sector en otras ocasiones. El confidente inquirió del acusado si le podía vender medio paquete. Éste le contestó que sólo paquetes enteros. El agente le preguntó al acusado que en cuánto le vendía un paquete (se refería a heroína) y éste le contestó que en $60. Convino en comprarlo y el acusado envió a la persona que estaba en su compañía a buscarlo. Cuando regresó se lo entregó directamente al agente. Éste pagó los $60 al acusado.

El agente entregó el paquete compuesto de 24 *decks* a su supervisor quien lo pasó al químico para análisis. Resultó ser heroína.

A instancias de la defensa se desestimó el cargo de ocultación y transportación. Convicto de poseer y vender fue.

sentenciado a cumplir de 7 a 10 años en cada uno de los cargos a ser cumplidos concurrentemente en sus mínimos y consecutivamente en sus máximos.

Señala diez errores para sostener su recurso. (1) Alega que el juez que presidió la vista intervino indebidamente con el testigo de cargo José Luis Vizcarrondo Figueroa y con el acusado. Nada hay en el récord que sostenga la contención del apelante. Las intervenciones del juez, limitadas por cierto, no perjudicaron en forma alguna al acusado.

(2) Cuando la defensa contrainterrogaba al agente éste manifestó que el confidente que le acompañó cuando compró la droga al acusado estaba en los Estados Unidos preso por infracción a la ley de drogas. Al oir esto el abogado del apelante comentó "o sea, de sentarse allí sería impugnado por ser convicto de felony". El juez entonces llamó la atención del fiscal y dice "Fiscal, qué hace allí". El apelante entiende que esto le perjudicó por ser una indebida intervención del juez en el proceso. Independientemente de cuál deba ser la actitud del juez lo cierto es que el fiscal manifiesta que no tiene objeción ninguna que hacer y ahí termina el incidente.

Este incidente lejos de perjudicar al apelante le beneficiaba pues se trajo a la consideración del jurado que el confidente estaba preso por drogas.

(3) El agente especial en su testimonio hizo referencia al confidente. El juez inquirió del testigo sobre lo que es un confidente a lo que el agente contesta "Un confidente es el que se dedica a hacer casos por dinero y como ya es conocido por. . .". La defensa inmediatamente comenta "hacer casos por dinero" y el juez entonces le dice "Siéntese el compañero". El apelante sostiene que ese incidente le perjudica pues "la impresión inequívoca de tal orden era coartar y atemorizar a la defensa en su afán de precisar cualquier aspecto de una declaración testifical favorable a los intereses del acusado". Quedó claramente aclarado lo que quería

decir el testigo con la frase que la defensa entresacó para llevar al jurado una expresión errónea al efecto de que un confidente es el que por dinero "fabrica casos". Ciertamente el juez tenía el deber de aclarar esa situación y no permitir que se impresionara al jurado con comentarios sin base.

(4) El acusado al declarar, así como un testigo que presentó, establecieron la buena reputación de que gozaba en la comunidad. El fiscal ofreció el testimonio de un compañero fiscal para refutar esa prueba de la defensa. Ocupó la silla de testigos y luego de declarar que conocía al acusado la defensa se opuso y pidió que se retirara el jurado para un planteamiento. Fue retirado y finalmente el juez sostuvo a la defensa, pero ésta alega que por el hecho de que el fiscal manifestara que conocía al acusado le perjudicó. Es trivial el señalamiento.

■ (5) Al transmitir las instrucciones al jurado el juez expresa que "[e]n este caso en particular hay dos teorías completamente opuestas, una en el sentido, *sostenida por la prueba del Fiscal,* que hubo cierta transacción de la droga narcótica conocida por heroína; la otra que, el acusado no tiene que ver ni está relacionado con la transacción. . . ." (Énfasis suplido.)

La defensa llamó la atención del juez de que en las instrucciones, con el peso que éstas tienen, el juez le decía al jurado que la teoría del fiscal estaba sostenida por la prueba de cargo. El juez entonces aclaró al jurado que quería "indicarles que si el Tribunal les instruyó que la teoría del Fiscal estaba sostenida por la prueba y utilicé ese tiempo del verbo, puedo decirles que no fue mi intención ni mi criterio, sino debí haberles dicho: o 'trató de sostener su teoría con tales y cuales testigos'."

Cualquier perjuicio que pudo ocasionarle la primera instrucción fue corregido por el Tribunal al instruirle nuevamente. Además cuando primeramente le instruyó el juez hizo constar que no era "posible armonizar esas dos teorías com-

pletamente encontradas y contradictorias y es forzoso por tanto que ustedes resuelvan cual de los dos testimonios presentados les merece crédito y cual no les merece crédito antes de resolver sobre la inocencia o culpabilidad del acusado."

■ (6) Al finalizar las instrucciones el juez le dice al jurado "Yo voy a suplicarles a los Sres. del Jurado que tengan cuidado cómo manejan estos sobres, que no se pierda ninguno y que no se contaminen las manos".

La defensa alega que la última parte perjudicó al apelante. No lo perjudicó pues en ningún momento la defensa sostuvo que los sobres presentados no contenían heroína. La prueba de la defensa fue negar que el acusado tuviera nada que ver con los hechos que dieron base a la acusación.

■ (7) La defensa sostiene que fue error no presentar como testigo de cargo al confidente Gustavo A. Berríos. El Pueblo no tenía que presentarlo. Dio su nombre y surgió que estaba preso en los Estados Unidos. La defensa nunca solicitó que se trajera como testigo. *Pueblo* v. *Flores Berty,* 92 D.P.R. 577 (1965).

(8) La prueba presentada para sostener la acusación establece la posesión y venta por parte del apelante.

■ (9) Las objeciones del apelante a las sentencias impuestas no tienen mérito. La ley le obligaba a imponer sentencias indeterminadas. Ya hemos resuelto que un convicto por violar la ley de drogas tiene derecho a que la Junta de Libertad Bajo Palabra considere su caso una vez cumplido el mínimo. *Cabán Torres* v. *Jefe Penitenciaría,* 92 D.P.R. 522 (1965).

(10) Las penas impuestas no son excesivas.

*No habiéndose cometido ninguno de los errores apuntados, se confirmará la sentencia apelada.*