EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LAUDELINO RIVERA y CRUZ RIVERA PERDOMO, acusados y apelantes.

Número: CR-69-57          Resuelto: 23 de diciembre de 1969

*Francisco Hernández Vargas,* abogado de los apelantes; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

En *Cabán Torres* v. *Jefe Penitenciaría,* 92 D.P.R. 522 (1965) resolvimos que el Art. 55 de la Ley de Narcóticos

de Puerto Rico, Ley Núm. 48 de 18 de junio de 1959, 24 L.P.R.A. sec. 976(g), no impedía, como cuestión de derecho, a la Junta de Libertad Bajo Palabra ejercitar su jurisdicción para considerar los casos de convictos por actos de transferencia, venta y despacho de drogas narcóticas, una vez éstos hubiesen cumplido el mínimo de la sentencia indeterminada impuesta. Al así resolver disipamos cualquier duda que del texto del citado Art. 55 pudiese surgir con respecto a la aplicación de la Ley de Sentencias Indeterminadas, Ley Núm. 295 de abril de 1946, 34 L.P.R.A. secs. 1024–1025, a los casos de transferencia, venta y despacho de drogas.

El presente recurso envuelve un planteamiento similar pero con respecto a la aplicación a dichos casos de las disposiciones de la ley sobre sentencias suspendidas y libertad a prueba, Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. secs. 1026–1029.

Amparándose en las disposiciones de la Ley Núm. 103 de 29 de junio de 1955, 24 L.P.R.A. secs. 1042–1043, el apelante solicitó al tribunal de instancia la suspensión de la sentencia y libertad a prueba aduciendo que tenía menos de 21 años de edad a la fecha de la comisión de los hechos. [1] El tribunal sentenciador denegó dicha solicitud basándose en que por virtud del citado Art. 55 las disposiciones sobre sentencia suspendida y libertad a prueba no son aplicables a los convictos de actos relativos a la transferencia, venta y despacho de drogas. Dicho artículo lee:

"El Tribunal Superior de Puerto Rico tendrá jurisdicción original exclusiva en todos los procedimientos judiciales que se insten bajo este Capítulo. *Las disposiciones sobre sentencia suspendida y libertad condicional o a prueba no serán aplicables a*

---

[1] El apelante Laudelino Rivera fue convicto por seis infracciones a la Ley de Narcóticos de Puerto Rico incluyendo cargos por transferencia y venta de drogas. El co-apelante Rivera Perdomo fue convicto por once violaciones incluyendo, además de estos cargos, el de siembra y cultivo de marihuana.

*ningún convicto de violar este Capítulo por actos relativos a la transferencia, venta o despacho de las drogas narcóticas cubiertas por este Capítulo.* Las disposiciones sobre sentencia suspendida y libertad condicional o a prueba serán aplicables a las personas que han sido convictas por actos meramente de posesión o tenencia de dichas drogas narcóticas." (Énfasis nuestro.)

La contención del apelante es que este artículo no tiene el alcance de derogar las disposiciones de la Ley Núm. 103, *supra*, la cual dispone:

"Se autoriza a los jueces del Tribunal Superior de Puerto Rico para que en ejercicio de su discreción concedan sentencias suspendidas en todo caso por delito grave, excepto asesinato en primer grado, y en todo caso de delito menos grave que surja de hechos envueltos en el delito mayor que no fuere de los excluidos de los beneficios de las secs. 1042 y 1043 de este título, incluyendo el caso en que la persona haya sido declarada no culpable del delito grave 'pero culpable de hechos envueltos en el mismo y constitutivos de delito menos grave, si el convicto fuere menor de 21 años de edad a la fecha de la comisión del delito."

En un genuino esfuerzo por darle mayor efectividad al control del tráfico y uso ilegal de drogas, la Asamblea Legislativa aprobó en el año 1959 la Ley de Narcóticos vigente, *supra*. En el Informe de la Comisión de Salud y Beneficencia del Senado sobre esta ley, se puntualiza el interés de la Legislatura de complementar la legislación federal sobre drogas[2] y adoptar las mismas sanciones y penalidades de aquélla, con el claro propósito de que—siendo concurrente la jurisdicción de los gobiernos estatal y federal en este campo—no hubiese beneficios o desventajas a las personas cubiertas por estas leyes, dependiendo de la ley que se aplicara en el caso específico. Véase *Diario de Sesiones* (1958), Vol. 10, pág. 1937. El Art. 55 de nuestra Ley de Narcóticos, *supra*, arranca de ese propósito legislativo, siguiendo prácti-

---

[2] Ley Harrison, 26 U.S.C.A. sec. 4701 *et seq.*; Narcotic Drugs Import and Export Act of 1956, 21 U.S.C.A. sec. 174.

camente las disposiciones de la sección 7237 del Código Federal de Rentas Internas, 26 U.S.C.A. sec. 7237.([3])

En la jurisdicción federal también se ha planteado la misma cuestión que ahora tenemos ante nos. *United States* v. *Lane*, 284 F.2d 935 (9th Cir. 1960); *United States* v. *Gibbs*, 285 F.2d 225 (9th Cir. 1960). Allá al igual que acá hay disposiciones que permiten a los jueces conceder en el ejercicio de su discreción el beneficio de la sentencia suspendida y libertad a prueba a los convictos menores de 21 años.([4]) Véanse la sec. 2(a) de la Ley Federal de Corrección de Menores, 18 U.S.C.A. sec. 5010(a), y nuestra Ley Núm. 103, *supra.*

En *United States* v. *Lane,* supra, se planteó una cuestión idéntica a la del caso de autos. Un menor de edad fue convicto por la importación ilegal de drogas. El tribunal sentenciador le concedió la libertad a prueba apoyándose en la citada sec. 2(a) de la Ley Federal de Corrección de Menores. Posteriormente, el tribunal denegó la petición del ministerio fiscal para que se dejara sin efecto la suspensión de la sentencia a tenor con 26 U.S.C.A. sec. 7237(d) del Código Federal, que como hemos indicado, al igual que nuestro Art. 55, hace inaplicables las disposiciones sobre sentencia suspendida y libertad a prueba a los convictos por transferencia, venta y despacho de drogas. La Corte de Apelaciones del Noveno Circuito al considerar la cuestión ordenó al tribunal sentenciador que se dejara sin efecto la suspensión de la sentencia, resolviendo que la disposición de la Ley Federal de Corrección de Menores autorizando a los jueces a suspender la imposición de sentencias a menores de edad quedó derogada por la sec. 7237(d) del título 26

---

([3]) La sec. 7237(d) del título 26 U.S.C.A. cubre, además de la venta o transferencia, la importación ilegal de drogas y la venta de heroína a menores de 18 años.

([4]) La Ley Federal de Corrección de Menores se aplica a menores de 22 años. 18 U.S.C.A. sec. 5006(e).

de U.S.C.A. En otras palabras, en la jurisdicción federal los menores convictos de actos relativos a la transferencia, venta y despacho de drogas no tienen derecho a la sentencia suspendida y libertad a prueba, a pesar de las disposiciones de la sec. 2(a) de la Ley Federal de Corrección de Menores.

■ La interpretación que propugna el apelante Laudelino Rivera quebrantaría el patrón de uniformidad que estableció la Legislatura al aprobar la vigente Ley de Narcóticos concediendo un beneficio o ventaja a los menores convictos por venta, traspaso y despacho—libertad a prueba —que no existe bajo la legislación federal, menoscabando así el esfuerzo legislativo en la solución de un problema tan grave y angustioso como el tráfico y uso ilegal de drogas narcóticas. Esto, sin duda alguna, entorpecería la efectiva coordinación de las agencias del Estado Libre Asociado y las respectivas agencias federales facilitando la práctica repulsiva de reclutar menores para el tráfico de drogas. Fue precisamente para acabar con esta práctica que se aprobó en los Estados Unidos la sec. 7237(d) y que subsiguientemente adoptó nuestra Legislatura mediante el Art. 55, *supra*. Véase House Reports No. 2388 of the Committee of Ways and Means, Vol. 2, U.S. Code Cong. & Ad. News 1956, 84 Cong., 2d ses., pp. 3274, 3303–04.

■ Concluimos que el Art. 55 de la Ley de Narcóticos de Puerto Rico, *supra*, dejó sin efecto en los casos de venta, traspaso y despacho de drogas, las disposiciones de la Ley Núm. 103, y por tanto no incidió el tribunal de instancia al negarle al apelante Laudelino Rivera la suspensión de la sentencia impuesta.

Tampoco tiene méritos el apuntamiento de que el tribunal de instancia se negó a disolver el jurado cuando el ministerio fiscal en su informe argumentó prueba no presentada. Se refieren los apelantes a que en el informe al jurado el ministerio fiscal expresó:

"Otros de los argumentos del compañero es que desde el 1959 está así sembrado allí, [marihuana] miren, yo estoy seguro que desde 1959 allí hay un negocio montado, grande y pudo conseguirse en el 1966. Es que eso es increíble que en el 1959 él tire una semillas allí y en el 1966 es que se viene a averiguar que el negocio estaba montado."

■ Las anteriores manifestaciones del fiscal fueron hechas para rebatir el argumento de la defensa de que el apelante Cruz Perdomo ignoraba que existía en su finca una siembra de marihuana. Además, dichas manifestaciones encuentran apoyo en la propia declaración del apelante a los efectos de que en el 1959 unas personas que fueron a ofrecerle $15,000 por la finca sembraron la marihuana haciéndole creer que las plantas que sembraban eran de mamey, zapote y que las semillas eran de amapolas. T.C. págs. 259, 261 a 272. Los comentarios del fiscal, pues, se justifican como inferencias o deducciones derivadas de la prueba presentada, sin que trasciendan los límites de la norma establecida en *Pueblo* v. *Fournier*, 80 D.P.R. 390, 407-408.

*En vista de lo anterior, se confirmará la sentencia dictada por el tribunal de instancia en este caso.*

El Señor Juez Presidente no intervino.